McGREGOR, Vice Chief Justice,
dissenting:
¶40 The majority holds today that Lisa Samsel, an enrollee in a health care service organization (HCSO) who signed a boilerplate hospital admission form, actually incurred medical expenses, even though she can never be legally responsible for those expenses because Arizona Revised Statutes (A.R.S.) section 20-1072 guarantees her immunity. The majority reaches its conclusion only by following a convoluted path that ignores the clear language of the contract that this action calls upon us to interpret. Because I conclude that the contract language does not permit the result reached, I respectfully dissent.
*12 ¶ 41 This action presents a straightforward issue. Our decision turns on whether plaintiff Lisa Samsel, Allstate’s insured, “incurred” medical expenses when she received treatment at the University Medical Center Hospital (UMC), a health care provider for Lisa’s HCSO. Allstate’s medical payment provision obligated it to pay “all reasonable expenses actually incurred by an insured person” for medical care. Hence, if Lisa incurred expenses, then Allstate’s medical pay provision applies.[3]
¶42 Determining whether Lisa incurred expenses does not involve a difficult legal analysis. First, as the majority agrees, one incurs expenses if she becomes legally responsible for those expenses.[4] Supra ¶29 (“The case law cited above has uniformly held that expenses are actually incurred by an insured when he or she has become legally liable for them, even when those expenses have been paid by others.”). Second, by enacting section 20-1072, the Arizona Legislature acted clearly and decisively to ensure that HCSO enrollees cannot be liable to a provider for the cost of medical services. The majority also agrees with this premise. Supra ¶27 (“[W]e believe the proper interpretation of [A.R.S. section 20-1072.A to C] is that the enrollee is immunized from actions by the provider for recovery of charges for services provided and covered by the enrollee’s agreement with the HMO.”). Because of the statutory immunity granted her, Lisa cannot be legally liable for the cost of care provided by UMC. Therefore, under the accepted definition of “incur,” no “reasonable expenses actually incurred by the insured” exist to be paid. As a result, Allstate’s insurance policy did not provide coverage.
¶ 48 Our analysis should end at this point. The contract of insurance means what it says. Allstate paid Lisa for expenses she actually incurred. No more is due under the terms of the policy.
¶44 Rather than enforce the clear language of the insurance contract, the majority approaches the issue presented as one of general public policy and concludes that the insurance policy provides coverage for medical expenses for which Lisa cannot be held legally liable. The majority reaches that result not because the contract language requires it but rather because the court thinks the policy should provide coverage. I cannot concur with that approach.
¶ 45 The majority concedes that case law “has uniformly held that expenses are actually incurred by an insured when he or she has become legally liable for them.” Supra ¶ 29. The majority then devotes the remainder of the opinion to explaining how, if Lisa is not liable for her expenses by virtue of the statute, she could “incur” expenses under the terms of the insurance policy. The majority begins by deciding that the concept of requiring one to become legally liable for expenses before one “incurs” expenses is but an appropriate method by which to determine whether an insured actually incurred medical expenses.[5] Id. ¶ 18. The majority justifies its decision to seek other ways to define “actually incurred” by noting that none of the cases that developed the uniform rule involved a situation “in which the insured received services necessary for treatment and would have become legally liable but far a statutory immunity.” Id. (emphasis added). In other words, none of the cases from which we derive the uniform rule involved situations in which the insured was not and could not become legally liable. That difference does more than distinguish this situation from others: the difference should determine *13 that this insured cannot be regarded as having incurred medical expenses under the language of this policy.
¶46 The majority next embarks upon an analysis notable for its departure from the contractual language at issue. First, relying upon Andrews v. Samaritan Health System, 201 Ariz. 379, 36 P.3d 57 (App.2001), the majority concludes that under a situation such as that involving Lisa, “[a] debt to the provider is incurred when covered services are provided to the enrollee,” supra ¶21 (emphasis added), because the provider can enforce its medical lien. But as Andrews expressly recognizes, an action brought pursuant to Arizona’s medical lien statute is not and cannot be an action against the HCSO enrollee, because the HCSO statutes grant immunity to the enrollee against such a claim. Andrews, 201 Ariz. at 383 ¶ 14, 36 P.3d at 61. Andrews’ holding simply emphasizes that an insured does not incur liability for the medical expenses of the provider and, therefore, provides no support for the majority’s approach.
¶ 47 Still relying upon Andrews,[6] the majority seeks to bring Lisa’s situation within the language of the Allstate policy by pointing out that, if Lisa brings a tort action, if she seeks recovery for medical expenses for which she was not liable, and if she recovers, her provider may assert a medical lien against her recovery for the debt the provider incurred. Supra ¶ 21. Because no party made this argument, nothing in the record tells us the number of HCSO enrollees who obtain medical treatment under their HCSO plan and later recover in a tort action, but I suspect the number as a percentage of HCSO enrollees is exceedingly small. If, as the opinion suggests, the policy language applies to Lisa only to the extent that she some day receives a recovery in a tort action, the majority’s approach leaves significant questions unanswered. One is left to wonder just what the contract language means for all those enrollees who do not fit within the small category of successful tort plaintiffs: do they actually incur medical expenses also? Or does the meaning of the contract language vary according to whether the insured was negligent or the victim of negligence? And what of those who do pursue a tort remedy? Do they actually incur medical expenses at the time they receive treatment or only when and if they recover their medical expenses from a tortfeasor? If they actually incur expenses only upon recovery, can they ask their insurers to make payment before the tort action ends? If the tort action resolves through settlement, has the insured incurred medical expenses or not? Or has the insured incurred medical expenses only if the settlement agreement separately defines and requires payment of such expenses? These questions arise by virtue of the majority’s interpretation, which unnecessarily contorts the language of the contract. And, in the end, reality tells us that even if Lisa successfully pursues a tort action, she will not have actually incurred the medical expenses for which she seeks payment. Allstate’s contract of insurance still will not provide coverage, for Lisa still has actually incurred no medical expenses.
¶ 48 The majority finally addresses the issue raised by this action by asking whether the policy’s reference to medical expenses actually incurred by an insured person means “actually incurred for treatment of an insured person or ... expenses for which the insured person is directly and legally liable?” Supra ¶ 28. Only in the world of the legally arcane could one suggest that contract language referring to expenses incurred “by an insured person” really means expenses “incurred [by the provider] for the treatment of an insured person.” Certainly no reasonable policy holder could interpret his or her insurance contract as meaning that coverage promised for expenses incurred by the insured includes expenses incurred by the insured’s medical provider.
¶49 The majority’s failure to limit its review to the interpretation of the insurance policy involved provokes the majority to ask one final question. After noting again that the insured was immunized from liability, the *14 opinion asks, “[b]ut ... why should it make a difference who can be sued?” Supra ¶ 30. The simple and inescapable answer is that it makes a difference because the policy obligates Allstate to pay only those insureds who incurred liability. Lisa cannot be sued by the provider because she is immune from suit. The fact that Lisa can never be held liable for her medical expenses means that, under the terms of the policy, she never incurred those expenses. Because we are interpreting a contractual provision related to the legal liability of the insured, it matters who can be sued.
¶ 50 I return to my statement that this is a simple case. Lisa did not incur expenses for her treatment at UMC because she was not liable for those expenses. She received exactly those benefits promised under the contract of insurance when Allstate paid those portions of her expenses for which she was liable under section 20-1072. I would reverse the decision of the superior court and vacate the opinion of the Court of Appeals.
Concurring: CHARLES E. JONES, Chief Justice.

. Allstate paid Lisa $315.55, the amount she incurred for expenses not covered under her HSCO agreement, as authorized by A.R.S. section 20-1072.D. This action involves only Lisa’s demand that Allstate also pay the amount subject to the terms of her HSCO and for which Lisa is not liable.

. Arizona, as well as most jurisdictions, defines "incur expenses" as being equivalent to becoming liable for those expenses. See, e.g., Coconino County v. Fund Adm’rs Ass’n, 149 Ariz. 427, 430, 719 P.2d 693, 696 (App.1986); see also Haisch v. Allstate Ins. Co., 197 Ariz. 606, 5 P.3d 940 (App. 2000); 12 Couch on Insurance § 180:5 (3d ed.1998).

. Even if we could discern various meanings for "actually incur,” it seems inconsistent to conclude, as does the majority, that "actually incur” can mean both "become legally liable" for medical expenses and "not become legally liable” for medical expenses.

. Although the majority relies upon Andrews, it stops short of approving the opinion. Supra ¶ 22 ("If Andrews is correct....").